# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 19-174V
UNPUBLISHED

| | |
|---|---|
| RICHARD BOOTH,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 2, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Guillain-Barre Syndrome (GBS) |

*Anne Carrion Toale*, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.

*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

On January 31, 2019, Richard Booth filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome (GBS) as a result of his September 18, 2017 influenza ("flu") vaccination. Petition at 1-4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 31, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates that

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

> [b]ased on the medical records outlined above, petitioner has satisfied the criteria set forth in the revised Vaccine Injury Table and the Qualifications and Aids to Interpretation, which affords petitioner a presumption of causation if onset of GBS occurs between three and forty-two days after receipt of a seasonal flu vaccination and there is no apparent alternative cause. 42 C.F.R. § 100.3(a)(XIV)(D), (c)(15).

*Id.* at 5 (footnote omitted).  Respondent further agrees that

> the medical records demonstrate that petitioner has experienced the residual effects of his GBS for more than six months. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(I). Therefore, based on the case record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.

*Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master